**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Bradley Rienhardt,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV-03-290-TUC-DCB<br><br>DEATH PENALTY CASE<br><br><br>**ORDER** |

Pending before the Court are Petitioner's Motion for Reconsideration, Motion for Leave to File Second Amended Petition, and Motion to Stay and Abey.

## PROCEDURAL BACKGROUND

On February 22, 1996, Petitioner was convicted of kidnapping, attempted transfer of a dangerous drug and attempted arson, for which he was sentenced to a term of years, and first degree murder, for which he was sentenced to death. The Arizona Supreme Court affirmed Petitioner's convictions and sentences. State v. Rienhardt, 190 Ariz. 579, 951 P.2d 454 (1997). On November 15, 2000, Petitioner filed a petition for post-conviction relief ("PCR") with the trial court. (ROA-PCR 61.)[1] The PCR petition was denied without a

---

[1] "ROA-PCR" refers to the three-volume record on appeal from post-conviction proceedings prepared for Petitioner's first petition for review to the Arizona Supreme Court (Case No. CR-01-0468-PC). "PR Doc." refers to the Arizona Supreme Court's docket for Petitioner's petition for review of that denial. "RT" refers to reporter's transcript. The original reporter's transcripts and certified copies of the records were provided to this Court by the Arizona Supreme Court on November 18, 2004. (Dkt. 63.)

hearing on March 28, 2001. (Id., 68.) The Arizona Supreme Court summarily denied review of the post-conviction ruling on May 28, 2003. (PR Doc. 11.)

Petitioner initiated his habeas proceeding before this Court on May 30, 2003. (Dkt. 1.) Petitioner filed his amended petition on March 5, 2004 (dkt. 38), followed by a March 30 "Notice of Unexhausted Claims" (dkt. 42). Petitioner initiated a successive PCR petition in state court on September 29, 2004. On March 30, 2006, the PCR court denied the successive petition in entirety. (See dkt. 94.)

## MOTION FOR RECONSIDERATION

Petitioner seeks reconsideration of portions of the Court's September 28, 2005 Order (dkt. 80), which ruled on Petitioner's motions for evidentiary development. Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Petitioner's motion appears to be based solely on clear error or manifest injustice.

### Procedural Default

Petitioner contests several issues from the Court's order regarding the procedural status of numerous claims. Petitioner contends that, because he had a successive PCR petition pending in state court, it was improper for this Court to assess the available remedies in state court as to claims it determined had not been properly exhausted. Petitioner asserts that these were decisions properly resolved in state court rather than by this Court, and it was debatable whether the state court would find the claims precluded. Petitioner points, in particular, to the fact that the Court should not have found his claims of ineffective assistance of counsel ("IAC") on appeal defaulted, because those claims were included in his successive PCR petition pending in state court.

The Court applied the governing standard and found there was not a reasonable probability that relief would be available in state court on any of Petitioner's claims in the

- 2 -

1  Amended Petition. See Ortiz v. Stewart, 149 F.3d 923, 931 (9th Cir. 1998) (finding it is
2  district court's role to assess availability of state court remedy). Nothing in Petitioner's
3  motion indicates this decision was clear error or manifest injustice. In addition, Petitioner
4  has never provided to this Court a list of the claims raised in the successive PCR petition.
5  He sought a stay in this Court only when the state court indicated concern regarding the
6  propriety of concurrent state and federal court litigation (see dkt. 78, ex. A); the motion for
7  stay suggested that Petitioner was raising in the successive petition only claims not contained
8  in the Amended Petition before this Court (see Dkt. 78 at 3, 10 (indicating that claims
9  pending before state court were those listed in Notice of Unexhausted Claims, not those
10 alleged in the petition)). Therefore, Petitioner never provided any basis to believe the state
11 court proceedings were relevant to the claims actively pending before this Court. Even if
12 Petitioner had made such an argument, his suggested rule would allow a petitioner to
13 unilaterally preclude a federal court from moving forward on a petition simply by filing a
14 successive proceeding in state court, frivolous or otherwise. Finally, the state court has now
15 ruled on Petitioner's successive PCR petition, finding every claim raised, including IAC on
16 appeal, precluded under state law.

17  As a separate matter, Petitioner argues that the state's appointment of incompetent
18 PCR counsel violated his right to due process, which is cause to excuse the default of any of
19 the claims the Court found barred. Petitioner had the opportunity to, and did, raise this
20 argument in his traverse. A motion for reconsideration is not the time to ask the Court to
21 rethink what it has already thought. See United States v. Rezzonico, 32 F. Supp.2d 1112,
22 1116 (D. Ariz. 1998) (citing Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D.
23 99, 101 (E.D. Va. 1983)). Just as Petitioner has no Sixth Amendment right to competent
24 counsel during a PCR proceeding, the Court does not recognize a due process right to
25 competent PCR counsel, see Bonin v. Calderon, 77 F.3d 1155, 1160 (9th Cir. 1996); thus,
26 such a claim cannot constitute cause.

27  The Court denies reconsideration of its procedural default rulings.

28

- 3 -

**Claim K**

Petitioner argues that the Court misunderstood the basis for Claim K and should reconsider its ruling dismissing the claim. The Court ruled that Claim K – alleging that the trial court excluded consideration of intoxication and/or drug addiction as mitigating evidence because it was not proven to have a causal connection to the crime – was meritless. (Dkt. 80 at 40-41.) The Court's decision was based on a review of the record which revealed that the trial court considered intoxication and/or drug addiction as mitigation, without imposition of a causal connection, and found they did not warrant leniency. (Id.)

Petitioner contends the Court misunderstood his claim. Specifically, Petitioner argues that Arizona law required application of a causal connection; therefore, the Court must assume the trial court applied the requirement and on that basis excluded consideration of certain mitigation. While Petitioner is correct in the abstract that courts generally presume a judge followed the law, such a presumption is only required when the court's decision leaves something unspoken. See Bell v. Cone, 543 U.S. 447, 455-457 (2005) (noting that state court opinion did not specify whether it applied a specific construction of the aggravating circumstance but presuming it applied the constitutional narrowing construction). In this case, the trial court clearly stated that it considered intoxication and/or drug addiction as potential mitigation. (See RT 5/20/96 at 18-22.) That is all the constitution requires. See Ortiz v. Stewart, 149 F.3d 923, 943 (9th Cir. 1998). Presuming the trial court applied a causal connection requirement and thereby excluded consideration of this evidence as mitigation is directly contrary to the record. Further, Petitioner's argument would require presuming that the trial court applied allegedly unconstitutional Arizona law but did not apply constitutional law set forth by the United State Supreme Court, e.g., Lockett v. Ohio 438 U.S. 586, 604 (1978); Eddings v. Oklahoma, 455 U.S. 104, 110 (1982)). Petitioner's arguments as to Claim K are without merit, and the Court denies reconsideration.

**Evidence Regarding Anginette Ortiz**

Petitioner contends the Court should not have faulted him for failing to provide evidentiary support for his allegations relating to Anginette Ortiz because the Court denied sufficient funds to complete his investigation. The allegations regarding Ortiz were related to Petitioner's argument that there would be a fundamental miscarriage of justice if Claims A and C were not heard on the merits. Petitioner alleged in the Amended Petition that Ortiz could have testified that the shooting of the victim was accidental and that it was Petitioner's co-defendant who actually injured the victim and caused his death. In its September Order, the Court considered this argument relative to other evidence and found that it did not satisfy the standard for a fundamental miscarriage of justice. Specifically, Petitioner also alleged that witness George could establish that the shooting was accidental; however, the Court found that such evidence was irrelevant because it did not discredit the felony murder verdict. (See dkt. 80 at 26.) Similarly, even if Petitioner established that his co-defendant personally committed the injuries against the victim, the Court concluded there was no evidence that Petitioner was not fully culpable as an accomplice to all of the crimes. (Id. at 28.) Thus, cumulative evidentiary support by Ortiz would not have changed the Court's conclusion. Petitioner's request for reconsideration on this issue will be denied.

**MOTION TO AMEND**

Petitioner seeks leave to amend his petition to include an additional eighteen claims that, at the time he filed the motion, were being raised in his successive PCR petition in state court. Subsequently, the PCR court ruled on the successive petition, finding every claim precluded pursuant to Arizona Rule of Criminal Procedure 32.2(a)(3). (See dkt. 94.) Fifteen of the proposed new claims were raised in that successive petition and found precluded–Claims D, F-I, L, O, R-U, CC-EE and MM.[2] There are three other proposed

---

[2] Petitioner changed the labeling of the claims from the Amended Petition to the Second Amended Petition. For purposes of this discussion, the Court uses the identifying letters from the proposed Second Amended Petition.

- 5 -

1  claims that were not included in the successive petition–Claims P, FF and GG.

2  A petition for habeas corpus may be amended pursuant to the Federal Rules of Civil
3  Procedure. 28 U.S.C. § 2242; see also Rule 11, Rules Governing § 2254 Cases, 28 U.S.C.
4  foll. § 2254 (providing that the Federal Rules of Civil Procedure may be applied to habeas
5  petitions to the extent the rules are not inconsistent with the habeas rules). Thus, the Court
6  looks to Rule 15 of the Federal Rules of Civil Procedure to address a party's motion to
7  amend a pleading in a habeas corpus action. See Bonin v. Calderon, 59 F.3d 815, 845 (9th
8  Cir. 1995). "Leave to amend 'shall be freely given when justice so requires,' Fed. R. Civ.
9  P. 15(a), and courts must review motions to amend in light of the strong policy permitting
10 amendment. Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir. 1986).
11 The factors which may justify denying a motion to amend are undue delay, bad faith or
12 dilatory motive, futility of amendment, and undue prejudice to the opposing party. Foman
13 v. Davis, 371 U.S. 178, 182 (1962).

14 **Futility**

15 If proposed claims are unexhausted, procedurally defaulted, or if they otherwise fail
16 as a matter of law, amendment may be denied as futile. Cf. Bonin, 59 F.3d at 845 (leave to
17 amend may be denied based upon futility alone). As an initial matter, Petitioner seeks to add
18 Claim P, which alleges that his PCR counsel's incompetence violated his right to due
19 process. Section 2254(i) provides that incompetence of counsel in state PCR proceedings
20 shall not be a ground for relief in a federal habeas proceeding. 28 U.S.C. § 2254(i).
21 Petitioner attempts to distinguish his claim as one based on due process rather the Sixth
22 Amendment. The statute does not distinguish the legal basis of such a claim, rather its plain
23 language provides that there shall be no relief in this Court for incompetence of PCR counsel.
24 Therefore, Petitioner's proposed claim P is not cognizable and amendment to add such a
25 claim would be futile.

26 In Petitioner's first PCR proceeding, the PCR court found claims FF and GG
27 precluded for failure to raise them on appeal pursuant to Arizona Rule of Criminal Procedure

32.2(a)(3), and the Arizona Supreme Court denied review. (ROA-PCR 61 at 26-28; ROA-PCR 68; PR Docs. 9, 11.) Claims that were fairly presented in state court but found defaulted on state procedural grounds will be procedurally defaulted in federal court if the state procedural bar was independent of federal law and adequate to warrant preclusion of federal review. See Harris v. Reed, 489 U.S. 255, 262 (1989). Rule 32.2(a)(3) is independent of federal law, see Stewart v. Smith, 536 U.S. 856, 860 (2002), and the Ninth Circuit has repeatedly determined that Arizona regularly and consistently applies its procedural default rules such that they are an adequate bar to federal review of a claim. See Ortiz, 149 F.3d at 932 (finding Rule 32.2(a)(3) regularly followed and adequate); Poland v. Stewart, 117 F.3d 1094, 1106 (9th Cir. 1997) (same); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1306 (9th Cir. 1996) (previous version of Arizona's preclusion rules "adequate"); Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992) (same). Thus, Claims FF and GG are procedurally defaulted.

In ruling on Petitioner's successive PCR petition, the PCR court found Claims D, F-I, L, O, P, R-U, CC-EE and MM precluded based on Rule 32.2(a)(3), for failure to raise them in an earlier proceeding. (Dkt. 94.) These claims have not been fairly presented to the Arizona Supreme Court to date; therefore, they are not exhausted. See Baldwin v. Reese, 541 U.S. 27, 32 (2004). Additionally, because the PCR court found them all precluded and a petition for review is discretionary, they are likely procedurally defaulted.

Because Petitioner has not made any showing of cause and prejudice or fundamental miscarriage of justice,[3] Claims D, F-I, L, O, R-U, CC-GG and MM are procedurally barred

---

[3] The Court notes that in its September 28, 2005 Order it reviewed each of Petitioner's allegations of cause and prejudice and fundamental miscarriage of justice, as to defaulted claims in the Amended Petition, and found the allegations lacking as a matter of law. (See dkt. 80 at 10-11, 12-13, 19-20, 20-29, 33, 38-39, 44-45, 48.) This included reviewing and rejecting Petitioner's allegations of IAC on appeal and during PCR proceedings as cause, which are the grounds on which Petitioner relies in his motion to stay to demonstrate good cause for not raising the claims earlier (see dkt. 78 at 8-9).

1  and amendment would be futile. See Perry v. Norris, 107 F.3d 665, 667 (8th Cir. 1997)
2  (holding that when there is no procedural gateway available for hearing an otherwise barred
3  claim, amendment is properly denied as futile).

4  **Undue Delay & Prejudice**

5  Respondents also contend that Petitioner unduly delayed seeking leave to amend; in
6  particular, the Court ruled on the procedural status of all the claims in the Amended Petition
7  prior to Petitioner seeking amendment. Petitioner contends he did not unduly delay because
8  his state court proceedings are ongoing and he has not unduly drawn out his federal or state
9  actions.

10  An issue relevant to undue delay is whether "the issue could have been raised in the
11  initial petition." Stafford v. Saffle, 34 F.3d 1557, 1560 (10th Cir. 1994); see also Chodos v.
12  West Publ'g Co., Inc., 292 F.3d 992, 1003 (9th Cir. 2002) (denying amendment because the
13  "new" facts were available to the plaintiff prior to earlier amendment); Jackson v. Bank of
14  Haw., 902 F.2d 1385, 1388 (9th Cir. 1990) (noting that petitioner knew or should have
15  known the necessary facts and theories for the amendment at the time of the original
16  pleading). Similarly, the Ninth Circuit has noted "that late amendments to assert new
17  theories are not reviewed favorably when the facts and the theory have been known to the
18  party seeking amendment since the inception of the cause of action." Acri v. Int'l Ass'n of
19  Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986). At the time
20  Petitioner filed his Amended Petition on March 5, 2004, he was aware of the factual basis
21  for, and legal theory underlying, each claim he proposes to now add; in fact, Petitioner
22  included all but one of these claims in the document titled "Notice of Unexhausted Claims"
23  (dkt. 42). Petitioner was required by the Rules Governing § 2254 Cases and an order of this
24  Court to raise all known claims in his Amended Petition. See Rule 2(c), Rules Governing
25  § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring the petition to include all grounds for relief
26  available and reasonably known); Dkt. 4 at 3.

27  Petitioner suggests that he could not include these claims in his Amended Petition

28

- 8 -

1  because it would have created a mixed petition, including both exhausted and unexhausted
2  claims, that would have been subject to dismissal. That argument is erroneous. Proposed
3  Claims FF and GG are procedurally defaulted not unexhausted. Similarly, at the time
4  Petitioner filed his Amended Petition, proposed Claims D, F-I, L, O, P, R-U, CC-EE and
5  MM had never been presented in state court, however, they were not truly "unexhausted"
6  claims. If Petitioner had included the claims in his Amended Petition, this Court would have
7  reviewed them to determine if Petitioner had an available remedy in state court. See Ortiz,
8  149 F.3d at 931 (holding that it is district court's role to review claims never raised in state
9  court to determine if there is a state remedy presently available) (citing Harris v. Reed, 489
10 U.S. 255, 269-70 (1989) (O'Connor, J., concurring)); see also Wyldes v. Hundley, 69 F.3d
11 247, 251 (8th Cir. 1995) (determining fair presentation and exhaustion to resolve whether
12 federal review is available is a federal issue to be determined by the federal court) (quoting
13 Harris v. Champion, 15 F.3d 1538, 1556 (10th Cir. 1994)). The Court likely would have
14 determined that the claims were "technically exhausted" but procedurally defaulted because,
15 pursuant to Arizona Rule of Criminal Procedure 32.2(a)(3), the state court would have found
16 the claims precluded. See Gray, 518 U.S. at 161-62 ("A habeas petitioner who has defaulted
17 his federal claims in state court meets the technical requirements for exhaustion; there are no
18 state remedies any longer 'available' to him."); Coleman, 501 U.S. at 732, 735 n.1.

19         Furthermore, if Petitioner believed he had an available remedy in state court under the
20 Arizona state rules with respect to any of these claims, such that his claims were truly
21 "unexhausted," he could have asked this Court up front to stay his petition while he
22 exhausted the claims in state court. See Olvera v. Giurbino, 371 F.3d 569, 573 (9th Cir.
23 2004); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000). Petitioner chose not to
24 comply with this Court's order to include all of his known claims in his Amended Petition.
25 Instead, he chose to file a successive state PCR petition, presumably in the hope that the state
26 court would issue an ambiguous procedural default ruling or that it would reach the merits
27 of the claims. However, the PCR court unambiguously found each of the claims in

1 Petitioner's successive petition procedurally precluded.  (See dkt. 94.)  Thus, nineteen
2 months after filing his Amended Petition, Petitioner seeks leave to amend his petition to add
3 claims that are in the same procedural posture as they would have been if included in the
4 original petition – procedurally defaulted.

5       In light of the procedural history of this case, and the fact that Petitioner made a
6 tactical decision to circumvent the process established by the rules and this Court, the Court
7 finds that Petitioner unduly delayed seeking amendment to add these claims.  The Court has
8 ruled on the procedural status of all the claims in the Amended Petition (Dkt. 80.)  Time and
9 expense to brief procedurally defaulted claims is unjustified and unwarranted.  Respondents
10 would suffer at least minimal prejudice arising from the time required to brief futile claims
11 and the delay additional briefing would engender at this stage in the proceedings.

12 **Conclusion**

13       Absent a reversal of the PCR court's preclusion ruling by the Arizona Supreme Court,
14 the Court finds that granting Petitioner's motion to amend would be futile, that there was
15 undue delay in seeking to include these claims in his petition and that amendment would
16 inflict some measure of prejudice on Respondents.  Therefore, the motion to amend will be
17 denied.

18 **MOTION TO STAY AND ABEY**

19       Petitioner seeks to stay this action while his successive PCR proceedings are pending
20 in state court.  A district court should grant a stay while a petitioner pursues claims in state
21 court only if: (1) there was good cause for the petitioner's failure to exhaust his claims in
22 state court before filing his federal petition; (2) the claim is not plainly meritless; and (3) the
23 petitioner did not engage in dilatory tactics.  Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005).
24 At this time, the PCR court has denied all of Petitioner's claims as precluded, and the only
25 remaining avenue for relief in state court is a discretionary petition for review.  The dismissal
26 of his claims for failure to raise them in an earlier proceeding indicates there was no good
27 cause for Petitioner's failure to exhaust them before filing his federal petition.  Further, the

28

1 claims all appear to be procedurally defaulted and are, therefore, plainly meritless. Finally,
2 as the Court indicated in its discussion of the motion to amend, it does not appear that
3 amendment to add any of these claims is warranted; thus, there is no basis to stay the case
4 while Petitioner continues to pursue the claims. In light of the current procedural status of
5 the claims, the Court finds that a stay is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Reconsider (dkt. 85), Motion to Amend (dkt. 89) and Motion to Stay (dkt. 78) are **DENIED**.

DATED this 26th day of April, 2006.

David C. Bury
United States District Judge