**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Bradley Rienhardt, | ) |
| Petitioner, | ) CV-03-290-TUC-DCB |
| v. | ) <u>DEATH PENALTY CASE</u> |
| Charles L. Ryan, et al., | ) **ORDER** |
| Respondents. | ) |

Before the Court is Petitioner's Motion to Alter or Amend Judgment. (Dkt. 132.) The motion is brought in response to the Court's order denying Petitioner's amended habeas corpus petition. (Dkts. 126, 129; *see* Dkt. 80.)

## DISCUSSION

The Court considers Petitioner's motion pursuant to Rule 59(e) of the Federal Rules of Civil procedure. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is appropriate only if (1) the court is presented with newly discovered evidence, (2) there is an intervening change in controlling law, or (3) the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make

new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), or to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

Petitioner asks the Court to alter or amend its judgment with respect to Claims B(1), (3), and (7), alleging ineffective assistance of counsel at sentencing. Petitioner also alleges that the Court "erroneously applied" a presumption of correctness to the state court's factual findings. Finally, Petitioner contends that he is entitled to a certificate of appealability ("COA") with respect to Claim K, which challenged the state courts' consideration of mitigating evidence. Petitioner does not cite newly discovered evidence or an intervening change in law. Instead, he asserts that the Court committed clear error in its handling of the claims. The Court disagrees.

**Claims B(1), (3), and (7)**

Petitioner argues that the Court erred in its application of *Schriro v. Landrigan*, 550 U.S. 465 (2007). In its order denying Petitioner's claim of sentencing-stage ineffective assistance of counsel, the Court determined that under *Landrigan*, Petitioner, who explicitly waived the presentation of mitigating evidence, could not demonstrate that he was prejudiced by counsel's performance as required by *Strickland v. Washington*, 466 U.S. 668 (1984). (Dkt. 126 at 15-17.) The Court also found that Petitioner could not affirmatively establish prejudice because the mitigating evidence omitted at sentencing did not differ in strength or substance from the information that was before the sentencing judge. (*Id.* at 17-20.)

In the pending motion, Petitioner does not address the issue of *Strickland* prejudice, which was the basis of the Court's denial of these claims. Instead, he focuses on the factual distinctions between his case and *Landrigan* and on the deficiencies of counsel's performance. His arguments therefore fail to support his contention that the Court erred in denying the claims. The Court declines to "rethink what it has already thought through," *Rezzonico*, 32 F. Supp.2d at 1116, with respect to its analysis of prejudice under *Strickland*.

**Presumption of Correctness**

Relying on *Taylor v. Maddox*, 366 F.3d 992 (9th Cir. 2004), Petitioner argues that the Court erroneously applied the presumption of correctness contained in 28 U.S.C. § 2254(e)(1) to his claims for relief under § 2254(d)(2). The Court concludes that its alleged failure to address the interplay between the two sections does not entitle Petitioner to relief.

Under § 2254(d)(2), a Petitioner is entitled to relief if the state court's adjudication of his claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Section 2254(e)(1) instructs that "a determination of a factual issue made by a State court shall be presumed to be correct" and a habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." The Court applied the (e)(1) standard in requiring Petitioner to rebut by clear and convincing evidence the presumed correctness of the factual determinations made by the state courts when they denied Petitioner's challenges to their application of an aggravating factor (Claim E) and their *Enmund/Tison* findings (Claim N). (Dkt. 126 at 28, 39.)

As Petitioner notes, the Ninth Circuit has held that § 2254(d)(2) applies when a habeas petitioner challenges the state court's findings based only on the state record – as Petitioner did in Claims E and N – and that § 2254(e)(1)'s presumption of correctness applies only when the petitioner presents new evidence for the first time in federal court. *Taylor*, 366 F.3d at 999-1000; *see also Kesser v. Cambra*, 465 F.3d 351, 358 n.1 (9th Cir.2006) (en banc).[1] While there is a split in the circuits on the question of the interplay between § 2254(d)(2) and § 2254(e)(1), *see Fields v. Thaler*, --- F.3d ----, 2009 WL 3764003 (5th Cir. 2009) (listing cases), the issue is not "outcome-determinative" in Petitioner's case. For the reasons set forth in the Court's order denying relief on Claims E and N, a rational factfinder

---

[1]      The Supreme Court is presently considering a case involving the applicability of § 2254(d)(2) and § 2254(e)(1). *Wood v. Allen*, 542 F.3d 1281 (11th Cir. 2008), *cert. granted,* --- U.S. ----, 129 S. Ct. 2389 (2009).

could have determined that the murders were especially cruel, heinous, or depraved and that Petitioner actually killed, attempted to kill, or intended to kill the victims, or was a major participant in the underlying felony and acted with reckless indifference to human life. Therefore, Petitioner has failed to show, under § 2254(d)(2), that the findings of the state courts were unreasonable in the light of the evidence presented in the state court proceedings.

**Claim K**

Petitioner contends that he is entitled to a COA on this claim. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In Claim K, Petitioner alleged that his rights were violated because Arizona law excludes consideration of mitigating circumstances that do not have a causal connection to the crime and the trial court therefore failed to give proper weight to Petitioner's mitigating evidence. The Court denied this claim because it appeared to challenge the weight accorded the evidence rather than its exclusion due to a nexus requirement and because any allegation that the sentencing court applied such a requirement was unsupported by the record. (Dkt. 80 at 40-41 & n.14.) Reasonable jurists could not dispute these conclusions; therefore, Petitioner is not entitled to a COA.

Based on the foregoing,

**IT IS HEREBY ORDERED denying** Petitioner's Motion to Alter or Amend Judgment. (Dkt. 132.)

DATED this 2nd day of December, 2009.

David C. Bury
United States District Judge

- 4 -