WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Bradley Rienhardt,<br><br>  Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>  Respondents. | No. CV-03-00290-TUC-DCB<br><br>**ORDER** |

Pending before the Court is Charles Rienhardt's Stipulation for Order Allowing Confidential Contact Visit with Petitioner (Doc. 232). Mr. Rienhardt's counsel and counsel for the Arizona Department of Corrections ("ADC") have stipulated to the terms of the Order Allowing a Confidential Contact Visit between Mr. Rienhardt and Dr. Joette James, a neuropsychologist retained by Mr. Rienhardt's counsel.

Mr. Rienhardt, through counsel, has requested that ADC allow Dr. James to have a confidential contact visit with Mr. Rienhardt to gather information necessary for the preparation of Mr. Rienhardt's pleadings before this Court. Mr. Rienhardt, a death row inmate, is currently housed in Browning Unit, a maximum security prison facility located in the Arizona State Prison Complex, Eyman, in Florence, Arizona. Because of the nature of the prisoners housed in this facility, Browning Unit has a no-contact-visit policy absent a court order. The Ninth Circuit has held that ADC's non-contact visitation policy at its high security prisons is rationally related to its legitimate penological concerns. *Casey v. Lewis*, 4 F.3d 1516, 1523 (9th Cir. 1993) ("The ADOC policy is a reasonable response to the legitimate institutional concerns posed by full contact visitation:

prevention of escape, assault, hostage-taking, and the introduction of contraband."). Dr. James confirms that contact visits are necessary to conduct the evaluation. Mr. Rienhardt, through counsel, acknowledges that ADC has a legitimate penological interest in requiring that any contact visit be conditioned on the following security measures. To assist this Court in determining the extent of the visitation/examination, as well as to protect ADC's interest in securing its prisons, the limitations on the visit are listed below.

**IT IS ORDERED** that Petitioner's Stipulation for Order Allowing Contact Visit between Charles Rienhardt and Dr. Joette James (Doc. 232) is **GRANTED**.

**IT IS FURTHER ORDERED** that Dr. James be permitted to have a confidential contact visit with Charles Rienhardt for neuropsychological evaluation under the following terms:

1. Visitation shall take place on December 11, 2015, from 8:00 p.m. to 5:00 p.m.

2. Mr. Rienhardt's counsel affirms that she made advance arrangements with the Warden at Arizona State Prison - Eyman Complex Browning Unit, or a designee, to schedule the visit for that day.

3. Mr. Rienhardt's counsel affirms that the Warden, through his staff, has agreed that Dr. James is permitted to bring the following: 1) test stimulus materials, response sheets and booklets; 2) paper, pens, pencils, and markers; and 3) a laptop computer and CDs. The test materials will include a hand dynamometer, finger tapping machine, 1-inch wooden blocks, small cards, a metal pegboard with small metal pegs, and a wooden board with three pegs and five wooden disks. The Warden, through his staff may require Dr. James to subject all instruments, equipment, manuals, and the like to an inspection and inventory before and/or after any meeting with Mr. Rienhardt.

4. If requested by Dr. James, the Warden, through his staff, shall remove handcuffs from Mr. Rienhardt so that Mr. Rienhardt may complete certain tests. ADC

may require Mr. Rienhardt to remain in leg irons and wear a stun belt during the meeting, subject to the discretion of the Warden or his designee.

5. Both Mr. Rienhardt and ADC recognize that Mr. Rienhardt's decision not to contest ADC's practice of using a stun belt on Mr. Rienhardt is due to the time constraints placed upon Mr. Rienhardt's counsel and in no way constitutes a waiver of the "stun belt issue" in any future request for a contact visit in this case or in any other case. ADC's willingness to stipulate hereto should not be considered a waiver of any aspect of ADOC's non-contact visitation policy.

6. Dr. James will be required to wear all protective gear, including any protective vest and/or safety goggles provided by ADC. Dr. James will be allowed to wear a suit jacket over the protective vest. If requested, Dr. James shall be allowed to remove the protective vest and safety goggles if, in her opinion, the vest and/or the goggles interfere with the testing and evaluation of Mr. Rienhardt.

7. The meetings between Mr. Rienhardt and Dr. James shall be confidential and take place in a room that allows for privacy. The room in which the meetings take place shall have a door that remains closed during the meeting. The room may have windows which allow the Warden, through his staff, to observe the meeting. Dr. James shall sit in the chair closest to the door, and Mr. Rienhardt shall not go between her and the door without permission. The room in which the meetings take place shall have three chairs and a table no larger than three feet in width.

8. Dr. James shall be allowed to have physical contact with Mr. Rienhardt as is necessary to conduct testing.

9. Before being allowed the contact visit authorized herein, Dr. James shall certify in a written release to ADC that she has investigated and ascertained the risks to her personal safety associated with the visit as authorized by and under the circumstances

- 3 -

described in this order; that she agrees to assume those risks; that she releases and holds harmless ADC, the state of Arizona, and their officers and employees from any claim arising from death or injury associated with the risks assumed.  However, such release shall not operate as a release of gross negligence on the part of ADC.

10. If not already cleared by the institution, Dr. James shall, without delay, submit her full name, date of birth, and social security number to ADC.  In the event that she has had a prior arrest or conviction for any felony offense, she will not be permitted into the institution.

11.  ADC's willingness to stipulate to the contact visit referenced herein shall not be considered a waiver of any aspect of ADC's non-contact visitation policy.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order to counsel of record; and to Michael Gottfried, Assistant Attorney General, Arizona Department of Corrections, 1275 West Washington, Phoenix, AZ 85007; and Warden Ron Credio, Arizona State Prison, Eyman Prison Complex, Browning Unit, 4374 East Butte Avenue, Florence, Arizona 85132.

Dated this 17th day of November, 2015.

David C. Bury
United States District Judge

cc: Julie Hall, Esq.

Amy Armstrong, Esq.

Jacinda Ann Lanum, Assistant Attorney General

Michael Gottfried
Assistant Attorney General
Arizona Department of Corrections
1275 West Washington
Phoenix, AZ 85007

Warden Ron Credio
Arizona State Prison
Eyman Prison Complex, Browning Unit
4374 East Butte Avenue
Florence, Arizona 85132