WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Bradley Rienhardt,<br><br>             Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>             Respondents. | No. CV-03-00290-TUC-DCB<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

Before the Court is Petitioner's motion to reconsider this Court's order denying his motion to amend his habeas corpus petition to include eighteen additional claims that were unexhausted when Petitioner filed his first amended habeas petition. (Doc. 238.)[1] Respondents filed a response, and Petitioner filed a reply. (Docs. 251, 267.) For the reasons set forth below, the Court denies Petitioner's motion for reconsideration.

**I.      PROCEDURAL BACKGROUND**

On February 22, 1996, Petitioner was convicted of kidnapping, attempted transfer of a dangerous drug, and attempted arson, for which he was sentenced to a term of years, and first degree murder, for which he was sentenced to death. *State v. Rienhardt*, 190 Ariz. 579, 951 P.2d 454 (1997). The Arizona Supreme Court affirmed the convictions and sentences, and denied review of the trial court's post-conviction ruling. (*Id.*; Doc. 238 Ex. A.)

Petitioner initiated habeas proceedings before this Court on May 30, 2003. (Doc.

---

[1] "Doc." refers to numbered documents in this Court's electronic case docket.

1.) Petitioner filed his amended petition on March 5, 2004, followed by a notice of unexhausted claims on March 30, 2004. (Docs. 38, 42.) On September 28, 2005, this Court dismissed a number of Petitioner's habeas claims, concluding they were procedurally barred and denied evidentiary development as to each claim. (Doc. 80.)

On January 10, 2005, while the habeas petition was pending, Petitioner filed a second petition for post-conviction relief ("PCR") in state court. (Doc. 251, Ex. A.) On October 18, 2005, Petitioner filed a motion to amend his federal habeas petition to include eighteen claims that he asserted were pending before the state court in his second PCR. (Docs. 88, 89.) On March 30, 2006, while the motion to amend was pending in this Court, the state court denied the second PCR, finding each claim precluded. (Doc. 251, Ex. B.) On April 26, 2006, this Court denied Petitioner's motion to amend. (Doc. 96.) .) On November 29, 2006, the Arizona Supreme Court denied review of Petitioner's petition for review from the state court's denial of the second PCR. (Doc. 251, Ex. F.) No motion for reconsideration of this Court's order denying amendment was filed until Petitioner filed the motion currently before the Court.

On November 4, 2009, after reviewing the merits of Petitioner's remaining claims, the Court concluded Petitioner was not entitled to relief and denied the petition. (Doc. 126, 129.) Petitioner filed a notice of appeal from the judgment and from several orders, including the order denying the motion to amend. (Doc. 134.)

On December 1, 2014, the Ninth Circuit Court of Appeals granted Petitioner's motion for a limited remand. (Doc. 145.) The Ninth Circuit directed this Court to reconsider a number of claims in light of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). (Doc. 145.) The Ninth Circuit also directed this Court to consider, in light of intervening law, whether expansion of the record and leave to amend the petition are warranted as to Petitioner's recently exhausted claims. (*Id.* at 2.)

On December 23, 2014, the Court ordered Petitioner to file a supplemental brief addressing the issues identified in the remand order, including "whether expansion of the record and leave to amend the petition are warranted as to Petitioner's recently exhausted

1 claims." (Doc. 147 at 1.) On October 14, 2015, Petitioner filed his supplemental brief on
2 remand. (Doc. 218.) In his supplemental brief, Petitioner asserts that the Court treated the
3 claims raised for the first time in the second amended petition as procedurally defaulted,
4 and argues that the claims should be considered pursuant to *Martinez*. (Doc. 218 at 120.)
5 Subsequently, on December 4, 2015, Petitioner filed a motion to reconsider this Court's
6 order of April 26, 2006 (Doc. 96), denying Petitioner's motion to amend the habeas
7 petition. (Doc. 238.)

## II. DISCUSSION

Petitioner argues this Court should reconsider its order denying Petitioner's motion to amend, pursuant to Rule 15(a) and (c), Federal Rules of Civil Procedure, in order to "permit a full and fair resolution of Petitioner's constitutional claims." (Doc. 238 at 4.) Petitioner asserts several reasons the Court should reconsider its order: (1) the purpose of the exhaustion doctrine has now been satisfied, (2) the Court ignored controlling Supreme Court authority in denying the motion to amend, (3) Respondents were unharmed by any delay in moving to amend with the now-exhausted claims, (4) no specific prejudice to Respondents was identified by either Respondents or the Court, (5) the claims can no longer be dismissed as futile because *Martinez* has changed the landscape for procedurally defaulted claims in federal court, (6) Petitioner did not unduly delay in bringing his motion to amend, and, (7) the new claims arise from the same core facts as the timely filed claims. (*Id.* at 4-11.)

Respondents contend the motion should be denied because (1) Petitioner's motion is untimely, (2) Petitioner has not demonstrated sufficient grounds for reconsideration of the Court's previous motion, and (3) the factors of bad faith, undue delay and prejudice, and futility weight against amendment. (Doc. 251 at 3-11.)

### A. Applicable Law

#### 1. Motion to Reconsider

**T**he Court will ordinarily deny "a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have

- 3 -

been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see also School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (a motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"). Motions for reconsideration should be granted only in rare circumstances, *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995), and should not be used for the purpose of asking a court "'to rethink what the court had already thought through—rightly or wrongly,'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Neither may a motion to reconsider "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), nor repeat any argument previously made in support of or in opposition to a motion, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

### *2.  Motion to Amend*

A petition for habeas corpus may be amended pursuant to the Federal Rules of Civil Procedure. 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (providing that the Federal Rules of Civil Procedure may be applied to habeas petitions to the extent they are not inconsistent with the habeas rules). A court looks to Rule 15 of the Federal Rules of Civil Procedure to address a party's motion to amend a pleading in a habeas corpus action. *See James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001).

Under Rule 15(a), leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). Courts must review motions to amend in light of the strong policy

permitting amendment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986). Factors that may justify denying a motion to amend are undue delay, bad faith or dilatory motive, futility of amendment, undue prejudice to the opposing party, and whether petitioner has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Leave to amend may be denied based upon futility alone. *See Bonin*, 59 F.3d at 845. To assess futility, a court necessarily evaluates whether relief may be available on the merits of the proposed claim. *See Caswell v. Calderon*, 363 F.3d 832, 837–39 (9th Cir. 2004) (conducting a two-part futility analysis reviewing both exhaustion of state court remedies and the merits of the proposed claim). If the proposed claims are untimely, unexhausted, or otherwise fail as a matter of law, amendment should be denied as futile.

B.  The Court's Order Denying Petitioner's Motion to Amend (Doc. 96.)

On October 10, 2005, Petitioner sought leave to amend his habeas petition to add eighteen previously unexhausted claims. (Doc. 89.) Petitioner asserted that he was aware of the unexhausted claims at the time he filed his first amended petition, but controlling Supreme Court authority prevented him from including them in the amended petition. Petitioner asserted that Respondents would not be prejudiced by the requested amendment because they had timely notice of the claim because Petitioner filed a notice of unexhausted claims. Petitioner also asserted that the new claims in the proposed amendment related back to the amended petition and to the notice of unexhausted claims, both filed before the one year statute of limitations ran in his case, and thus amendment was appropriate.

In ruling on the motion, the Court noted that Petitioner had filed a second PCR in state court, raising fifteen of the proposed new claims—Claims D, F-I, L, O, R-U, CC-EE and MM.[2] The PCR court found every claim precluded pursuant to Arizona Rules of

---

[2] Petitioner changed the labeling of the claims from the Amended Petition to the Second Amended Petition. For purposes of this discussion, the Court uses the identifying letters from the proposed Second Amended Petition.

Criminal Procedure 32.2(a)(3). Three other claims—Claims P, FF and GG— were not included in the second PCR.

The Court denied Petitioner's motion to amend. The Court first found it would be futile to amend the petition to include all of the proposed new claims. Specifically, the Court found Claim P non-cognizable and concluded that amendment to include this claim would be futile. The Court found the remaining claims had been found to be precluded by the PCR court in either Petitioner's first PCR—Claims FF and GG—or in his second PCR—Claims D, F-I, L, O, P, R-U, CC-EE and MM. Having been found precluded by the state court, the Court found these claims procedurally defaulted.[3] The Court found that Petitioner had not made any showing of cause and prejudice, or a fundamental miscarriage of justice, and thus the procedurally defaulted claims were barred and amendment would be futile.

Next, the Court addressed the issue of delay, and found that, by intentionally not including the claims in his habeas petition, and waiting nineteen months after filing his amended petition, Petitioner unduly delayed seeking amendment to add these claims. The Court rejected Petitioner's argument that, under then-controlling Supreme Court authority, *Rose v. Lundy*, 455 U.S. 509 (1982), he could not have included the unexhausted claims in his amended petition because it would have created a mixed petition—including both exhausted and unexhausted claims—which would have been subject to dismissal. The Court found that had Petitioner included the claims in the amended petition, the Court would have likely determined they were "technically exhausted" but procedurally defaulted, but would not have dismissed the petition outright as a mixed petition. The Court concluded that Petitioner was proposing to amend with claims which were in the same procedural posture as they would have been if included in the original petition—procedurally defaulted. Furthermore, the Court noted that if

---

[3] At the time the Court denied Petitioner's motion to amend, the fifteen unexhausted claims presented to the PCR court had not yet been presented to the Arizona Supreme Court, and thus remained unexhausted. The Court concluded, however, that because review was discretionary, they were "likely" procedurally defaulted. (Doc. 96 at 7.)

Petitioner believed he had an available remedy in state court, he could have asked this Court to stay his petition while he returned to state court to exhaust his claims.

Finally, the Court found "at least minimal prejudice" to Respondents would arise from the time required to brief futile claims, and the resulting delay in the proceedings.

C.   Analysis

Absent a showing of good cause, Petitioner's motion for reconsideration—filed more than nine years after this Court denied Petitioner's motion to amend—is untimely. *See* LRCiv 7.2(g)(2) ("Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion."). Petitioner asserts that the local rules of procedure do not take precedence over the Court of Appeals' order remanding the case for reconsideration of whether amendment should be allowed. Petitioner is correct only to the extent the arguments he raises are within the scope of the limited remand.

Because Petitioner has appealed the denial of his habeas petition to the Court of Appeals and the matter is only before this Court on limited remand, this Court may not consider issues which are pending on appeal, and which are outside the scope of remand. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("It is generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also United States v. Caterino*, 29 F.3d 1390, 1394 (9th Cir. 1994) (*overruled on other grounds by Witte v. United States*, 515 U.S. 389 (1995)) (when the court of appeals has limited the scope of remand, the district court is without jurisdiction to revisit other issues).

The remand order directs this Court to consider whether expansion of the record and leave to amend the petition are warranted as to Petitioner's recently exhausted claims in light of intervening law. (*See* Doc. 145.) Accordingly, this Court ordered Petitioner to

address this issue in supplemental briefing, using the same language provided in the remand order. (*See* Doc. 147 at 1) (ordering supplemental briefing on issues identified in the remand order). If Petitioner believed that a motion to reconsider the Court's order denying amendment, based on all the reasons set forth in Petitioner's current motion, was within the scope of limited remand, then Petitioner should have raised these arguments in his supplemental brief. He did not. If he believed he could not bring the motion until the Ninth Circuit's remand to this Court, he waited for a year after the remand to file the instant motion. On October 14, 2015, Petitioner filed his supplemental brief, arguing that reconsideration was warranted pursuant to *Martinez* and its progeny. (*See* Doc. 218 at 118-120.) This is the only issue which is properly before the Court on limited remand, and will be addressed by separate order when the Court considers the supplemental briefing. To the extent Petitioner argues in the instant motion that intervening law establishes cause for reconsideration of the Court's order denying amendment, the motion will be disregarded as duplicative.

Petitioner's additional arguments in the motion to reconsider are not properly before the Court because they are outside the scope of the limited remand order. *See Caterino*, 29 F.3d at 1394. The scope of remand in this case was limited to consideration of Petitioner's claims in light of intervening law. This was the issue raised in Petitioner's motion to remand, and this was the issue on which the limited remand order was granted. The Court was not directed to reconsider its previous order denying amendment or to address such things as whether the Court committed clear error or whether the initial decision was manifestly unjust. Petitioner has raised these claims in his opening brief, asserting that this Court's decision denying Petitioner's motion to amend was clearly erroneous because the Court failed to acknowledge controlling Supreme Court authority, abused its discretion in finding that Petitioner's claims were not truly unexhausted and in finding that Respondents would be sufficiently prejudiced to justify denying amendment. *See* Petitioner/Appellant's Opening Brief, *Rienhardt v. Ryan*, No. 10-99000, Dkt.23 at 97-102. These arguments are pending before the appellate court and fall outside the scope

of the limited remand, and thus this Court is divested of authority to rule on them.

Even if this Court were not divested of jurisdiction to reconsider its order, his arguments are still untimely and will be denied. *See* LRCiv 7.2(g)(2). Petitioner did not file his motion to reconsider the 2006 order denying amendment until December 4, 2015, when he did so "in an abundance of caution." (*See* Doc. 267 at 2.). Even if the motion were not technically untimely, Petitioner has failed to demonstrate new facts or legal authority, or a showing of manifest error, which could not have been brought to the Court's attention earlier with reasonable diligence. *See* LRCiv 7.2(g)(1). Petitioner's argument that the claims are now exhausted and warrant amendment could have been raised after the Arizona Supreme Court denied review of the second PCR in November 2006. Petitioner's arguments that this Court erred or abused its discretion in ignoring controlling Supreme Court authority, in considering whether Respondents suffered prejudice, and finding Petitioner unduly delayed in bringing his motion to amend, and whether the amendments related to timely filed claims, could have been brought immediately after this Court denied the motion to amend. Petitioner has not demonstrated reasonable diligence in bringing these matters to the court's attention sooner, or good cause for waiting over nine years after the order was denied or for a year after the remand order to move to reconsider the order based on these arguments. Moreover, these are not an adequate basis on which relief from the underlying order should be granted; they were urged in the motion below, assert disagreements with the previous order, and ask this Court to rethink what the Court has already thought through. *See Motorola, Inc.*, 215 FRD at 586; *Leong*, 689 F.Supp. at 1573; *Defenders of Wildlife*, 909 F. Supp. at 1351.

### III. CONCLUSION

In conclusion, the Court finds that, with the exception of Petitioner's arguments based on intervening law in support of his motion to amend, the motion to reconsider is outside the scope of limited remand in this case. Alternatively, to the extent the arguments in the motion to reconsider are properly before the Court on limited remand, the Court denies the motion as untimely and for lack of demonstration of sufficient

- 9 -

1  grounds for reconsideration for the reasons stated above. The Court will consider
2  Petitioner's *Martinez* argument in support of amendment when it issues a decision on the
3  supplemental briefing.
4      Accordingly,
5      IT IS HEREBY ORDERED Petitioner's Motion for Reconsideration (Doc. 238) is
6  DENIED.
7      Dated this 23rd day of March, 2016.

David C. Bury
United States District Judge